# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1998

FILED

June 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9709-CR-00404 |
| | ) | |
| Appellee, | ) | |
| | ) | KNOX COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. RICHARD BAUMGARTNER, |
| BRIAN EUGENE DANIEL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (POSSESSION OF MARIJUANA) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

MARK E. STEPHENS                      JOHN KNOX WALKUP
District Public Defender              Attorney General & Reporter

PAULA R. VOSS                         TODD R. KELLEY
Assistant Public Defender             Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
JAMIE L. NILAND                       425 Fifth Avenue North
Assistant Public Defender             Nashville, TN  37243
1209 Euclid Avenue
Knoxville, TN  37921                  RANDALL E. NICHOLS
                                      District Attorney General

                                      SCOTT GREEN
                                      Assistant District Attorney General
                                      City-County Building
                                      Knoxville, TN  37902

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

Defendant, Brian Daniel, appeals pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure. He pled guilty to possession of marijuana and reserved, with the consent of the State and the trial court, the right to appeal a certified question of law that is dispositive of the case. After review of the entire record and the briefs and arguments of both parties, we affirm the judgment of the trial court.

The issue certified, as set forth in the trial court's order is as follows:

> The defendant avers that he was subjected to an invalid stop and illegal search on August 15, 1995. The defendant avers that the arresting officer did not have the requisite reasonable suspicion to stop the defendant, and because the stop led directly to the search, the subsequent seizure of contraband without probable cause was illegal, in that it was a violation of the constitutions of the United States and the state of Tennessee, (see Terry v. Ohio, 392 U.S. 1 (1968)), and any evidence seized as a result of the search should have been suppressed. The question on appeal is whether, under the facts and circumstances of this case, the seizure of this defendant was illegal, and should result in the suppression of the seized evidence.

Deputy Jim Wright of the Knox County Sheriff's Department was the only witness who testified at the suppression hearing. At approximately 9:00 p.m. on August 16, 1995, Deputy Wright was on patrol when he observed the Defendant and three (3) other men standing around a vehicle on the dark side of Bengie's Market in Knox County. The sun was going down and it was "dusky dark." The lighting for the market was only on the front side of the store.

Since the location was an area known for illegal drug trafficking and the young men "just did not look right," Deputy Wright drove his patrol car up to the men

"to see what the individuals were doing." Wright, in a general conversation, asked the men what was going on and then requested them to produce I.D. to identify themselves. All four (4) of the young men voluntarily produced some form of identification. While Wright was checking the identifications, two (2) of the men asked to be allowed to go inside the market to either use the restroom or purchase a soft drink. Wright allowed the two men to do so.

After examining Defendant's identification and "running his name," Wright discovered that there was an outstanding warrant for the arrest of Defendant. Wright immediately put handcuffs on the Defendant and placed him under arrest pursuant to the outstanding warrant and advised Defendant of the status of the warrant. Wright then searched Defendant pursuant to the arrest and asked Defendant if there was anything in his pockets that would stick or otherwise hurt Wright in any manner. Defendant replied that he had a bag of marijuana in his pocket. This was discovered by Wright during the search and led to the criminal charge which is the subject of this appeal.

There is nothing in this rather sparse record which indicates that there was any search of the other men who were with the Defendant. It is clear from the record that Defendant was not physically searched until after Deputy Wright was advised of the outstanding warrant for the arrest of Defendant on other charges.

The Defendant argues that the initial seizure of Defendant by Deputy Wright by requiring production of identification was an illegal seizure not based upon either probable cause or reasonable suspicion, and in violation of the constitutional rights of Defendant under the Fourth Amendment of the United States Constitution

and Article I, Section 7 of the Tennessee Constitution.  He principally relies upon Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979) and Hughes v. State, 588 S.W.2d 296 (Tenn. 1979).  Defendant further argues that the discovery of the contraband was a direct result of an illegal search, and, therefore, the evidence should have been suppressed.

In contrast, the State argues that the Defendant voluntarily agreed to stay in the presence of the officer, answer his questions, and produce an identification.  Consequently, the State submits that the Defendant was not illegally seized under the Fourth Amendment to the United States Constitution.

We have concluded that it is not necessary to determine whether or not Defendant was illegally seized at the time Wright asked for identification to resolve this issue.  It is undisputed that Defendant was not formally arrested or searched by Deputy Wright until after the officer discovered that there was an outstanding criminal warrant for the Defendant's arrest.  Therefore, the only "evidence" directly obtained as a result of Defendant voluntarily producing his identification for Deputy Wright was the knowledge of the existence of a warrant authorizing the arrest of the Defendant.

The Defendant does not challenge his actual arrest pursuant to the arrest warrant.  In essence, in his certified question presented for review and in his brief, Defendant argues that the initial illegal stop mandates suppression of evidence discovered during a search incident to an arrest pursuant to a warrant.  Defendant submits that this result is required based upon the fact that the officer only became aware of the existence of the arrest warrant during the illegal stop.

-4-

Assuming **arguendo** that a seizure of Defendant by Deputy Wright occurred when the officer requested proof of identification, and that this seizure was in violation of the constitutional rights of Defendant, we find that the "degree of attenuation here was sufficient to dissipate the connection between" the purported illegal seizure and the discovery of the marijuana during a search incident to a lawful arrest pursuant to an outstanding arrest warrant. See United States v. Ceccolini, 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978); State v. Story, 608 S.W.2d 599, 602 (Tenn. Crim. App. 1980).

The opinion of the court in this case should in no manner be construed as blanket approval of any law enforcement tactic to randomly detain individuals, without probable cause or reasonable suspicion of criminal activity based upon specific and articulable facts, in order to ascertain the identification of citizens who may be gathered in public places. Under the specific and narrow facts of this case, especially the uncontradicted testimony that Defendant voluntarily complied with the request to show an identification, a limited exception to the "fruit of the poisonous tree doctrine," Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) applies, even if it is assumed that the initial detention by Deputy Wright was a seizure of Defendant in violation of his constitutional rights. Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
WILLIAM B. ACREE, JR., Special Judge